1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9   Jarrel Shakir,                    )    No. CV 07-1374-PHX-ROS (HCE)
                                      )
10            Petitioner,             )    **REPORT AND RECOMMENDATION**
                                      )
11  vs.                               )
                                      )
12                                    )
    Charles L. Ryan, et al.,          )
13                                    )
             Respondents.             )
14                                    )
                                      )
15  _____

16

17         Pending before the Court is Petitioner's *pro se* Amended Petition for Writ of Habeas

18  Corpus (Doc. No. 5) filed under 28 U.S.C. §2254. In accordance with the Rules of Practice

    of the United States District Court for the District of Arizona and 28 U.S.C. §636(B)(1), this
19
    matter was referred to the Magistrate Judge for report and recommendation. The Magistrate
20
    Judge recommends that the District Court, after independent review of the record, deny the
21
    Petition.
22
    **I. FACTUAL AND PROCEDURAL BACKGROUND**
23
           **A.     Introduction**
24
           Prior to the convictions and sentences that are at issue in the instant habeas Petition,
25
    Petitioner committed Theft, a class 6 felony, on July 27, 2001 and was convicted for such on
26
    October 7, 2002 in CR 2001-094414 in Maricopa County Superior Court (hereinafter
27
    "historical prior felony conviction"). (Respondents' Answer To Amended Petition For Writ
28

of Habeas Corpus (Doc. No. 9), Exh. A, p. 4 (hereinafter "Answer Exh. __, at p. __")). Thereafter, Petitioner was indicted and pled guilty pursuant to a plea agreement on July 2, 2003 in CR 2002-080838 to six counts of Armed Robbery, class 2 non-dangerous felonies, with one historical prior felony conviction. (Answer Exh. A). Petitioner was also indicted and pled guilty pursuant to a plea agreement on July 2, 2003 in CR 2003-030284 to one count of Armed Robbery, a class 2 non-dangerous felony, with one historical prior felony conviction. (*Id.*). It was a term of both plea agreements that Petitioner was convicted of Theft, a class 6 felony, committed on July 27, 2001 in CR 2001-094414 for which he was sentenced on October 7, 2001. (*Id.*). Herein, Petitioner challenges his concurrent sentences of 18.5 years of imprisonment which were entered upon his pleas of guilty in CR 2002-080838 and CR 2003-030284.

## B.    The State Proceeding

### 1.    The Pleas, Convictions, and Sentences

The State alleged that Petitioner in CR 2002-080838 committed armed robbery on November 11, 2002 (Count 3); December 3, 2002 (Count 4); December 5, 2002 (Count 5); December 10, 2002 (Count 6); December 17, 2002 (Count 9); and December 24, 2002 (Count 10), and the trial court informed Petitioner at Petitioner's change of plea proceeding that these offenses were "in violation of the statutes set forth in th[e] plea agreement." (Respondents' Supplemental Exhibits to Answer to Amended Petition for Writ of Habeas Corpus Exh. J, at p. 77 (hereinafter, "Supp. Answer Exh. __, at p.__")).[1] The State also alleged that Petitioner in CR 2002-030284 committed armed robbery on December 23, 2002 and the trial court informed Petitioner at Petitioner's change of plea proceeding that this

---

[1]On August 3, 2009, the Court, pursuant to Rule 5(c) of the Rules Governing Section 2254 Cases in the United States District Courts, ordered Respondents to supplement the record by filing: (1) a complete copy of the transcript of Petitioner's change of plea proceeding; (2) a complete copy of the transcript of Petitioner's sentencing; and (3) a complete copy of the state appellate court's June 15, 2006 decision. (Doc. No. 20). On August 13, 2009, Respondents complied with the Court's Order by filing their Supplemental Exhibits to Answer to Amended Petition for Writ of Habeas Corpus (Doc. No. 21).

offense was "in violation of the statutes set forth in th[e] plea agreement." (*Id.* at pp 77, 83). Although the State did not charge Petitioner with Aggravated Robbery[2], Petitioner's plea agreements alleged that the armed robberies in both CRs were committed with an accomplice in violation of A.R.S. §§13-301[3], 13-302[4], 13-303[5]. (Answer Exh. A). Petitioner and Co-Defendant accomplice were "only charged...with either the ones that they admitted to or that [sic] they were picked out of photo line-ups, even though the police report indicated that there were two people in the store or sometimes three." (Supp. Answer Exh. K at p. 12).

The trial court at Petitioner's change of plea proceeding explained to Petitioner that the sentencing range under the plea agreements called for 7 to 21 years of incarceration. (Supp. Answer Exh. J, at p.70); *see also* A.R.S. §13-604(I) (2001) (amended 2009).[6] The trial court advised Petitioner that the court would consider mitigating circumstances such as Petitioner's: age, education, emotional or psychological make-up, family support,

---

[2]"A person commits aggravated robbery if in the course of committing robbery as defined in section 13-1902, such person *is aided by one or more accomplices* actually present." A.R.S. §13-1903(A)(2001)(emphasis added).

[3]"In this title, unless the context otherwise requires, 'accomplice' means a person,..., who with the intent to promote or facilitate the commission of an offense:
    1. Solicits or commands another person to commit the offense; or
    2. Aids, counsels, agrees to aid or attempts to aid another person in planning or committing the offense.
    3. Provides means or opportunity to another person to commit the offense." A.R.S. §13-301(2001).

[4]"A person may be guilty of an offense committed by such person's own conduct or by the conduct of another for which such person is criminally accountable as provided in this chapter, or both. In any prosecution, testimony of an accomplice need not be corroborated." A.R.S. §13-302(2001).

[5]"A. A person is criminally accountable for the conduct of another if:
    ...
    3. The person is an accomplice of such other person in the commission of an offense. A.R.S. §13-303(A)(3)(2001) (amended 2008).

[6]All citations herein to Arizona sentencing statutes are to the statutes in effect at the time of Petitioner's conviction.

- 3 -

employment, and children that he may support. (Supp. Answer Exh. J at p. 70); as well as aggravating circumstances such as: emotional trauma suffered by the victims, and *"the fact that you were in the presence of an accomplice,...., when you committed the offenses."* (*Id.*)(emphasis added); *see* A.R.S. §13-702(C)(4)(2001) (amended 2009). Defense counsel and the State later modified Petitioner's plea agreement, with Petitioner agreeing, to a *super*-mitigated sentence of 4.5 years of imprisonment and to a *super*-aggravated sentence of 23.25 years of imprisonment.[7] (*Id.* at pp. 82-83). In discussing this new range of sentencing with Petitioner, the trial court also informed Petitioner that "[t]he presumptive sentence as to each count would be 9.25 years."[8] (*Id.* at p.78; *see also Id.* at p.82).

Petitioner was also advised by the trial court that he was entering into a plea agreement in CR 2002-080838 wherein he agreed to plead guilty to armed robberies as alleged in Counts 3, 4, 5, 6, 9, and 10, designated class 2 felonies, with one historical prior. (*Id.* at p. 77). Petitioner was also advised by the trial court that he was entering into a plea agreement in CR 2003-030284 wherein he agreed to plead guilty to one count of armed robbery, a designated class 2 felony, with one historical prior. (*Id.*) Petitioner also agreed

---

[7]"...if a person is convicted of a felony offense and has *one historical prior felony conviction* and if the court finds that at least two substantial aggravating factors listed in §13-702, subsection C apply, the court may increase the maximum term of imprisonment otherwise authorized for that offense up to the following maximum terms: 1. Class 2 Felony 23.25 Years". A.R.S. §13-702.01(C)(1)(2001) (repealed effective 2009) (emphasis added).

"...if a person is convicted of a felony offense and has *one historical prior felony conviction* and if the court finds that at lest two substantial mitigating factors listed in §13-702, subsection D apply, the court may decrease the minimum term of imprisonment otherwise authorized for that offense down to the following minimum terms: 1. Class 2 Felony 4.5 Years". A.R.S. §13-702.01(D)(1)(2001) (repealed effective 2009) (emphasis added).

[8]Pursuant to the plea agreements, the allegation that Petitioner was on probation at the time he committed the offenses and the allegation of the dangerous nature of the offenses were dismissed. (*See* Answer Exh. A; Answer Exh. J at pp. 64, 73, 82-83). In light of these dismissals, Petitioner ultimately pled guilty to non-dangerous repetitive offenses subject to the sentencing range set forth in A.R.S. §13-604(B) which provided for a presumptive term of 9.25 years and which could be *super*-mitigated or *super*-aggravated. (*See* Answer Exh. A; Supp. Answer Exh. J at pp. 64, 77).

1  that he was previously convicted of theft, a designated class 6 felony, in Maricopa County

2  Superior Court in CR 2001-094414. (*Id.* at p. 82).

3      Petitioner was provided with copies of the two plea agreements, which were explained

4  to Petitioner by defense counsel, and he acknowledged that they contained, and he agreed

5  with, everything written in them. (*Id.* at pp. 79-80).  Moreover, Petitioner signed both

6  agreements indicating that he had read and understood each. (*Id.* at p. 80).

7      At paragraph 10 of both plea agreements, Petitioner placed his initials by the

8  statement:

9      I have read and understand the provisions of pages one and two of this
       agreement and I have discussed the case and my constitutional rights with my

10     lawyer.  I understand that by pleading guilty, I will be waiving and giving up
       my right to a determination of probable cause, to a trial by jury, to confront,

11     cross-examine, compel the attendance of witnesses, to present evidence in my
       behalf, my right to remain silent, my privilege against self-incrimination,

12     presumption of innocence and right to appeal....

13  (Answer, Exh. A).  At the change of plea proceeding, the trial court ensured that Petitioner

14  understood his rights:

15     [THE COURT]:      You have an absolute right to keep your pleas of not
                         guilty and go to trial on all these cases.  There's no

16                       question about that.  I don't want you to do anything to
                         give up any constitutional rights to go to trial and make

17                       the State prove its case beyond a reasonable doubt.

18     ***

19     THE COURT:        Sir, by pleading guilty you're giving up certain important
                         rights.

20                            First, you're giving up your right to keep your
                         pleas of not guilty and have a trial by jury in each case at

21                       which you would be represented by your attorney....Now,
                         do you understand all of these rights?

22     THE DEFENDANT: Yes.
       THE COURT:        And do you wish to give them up so you can plead

23                       guilty?
       THE DEFENDANT: Yes.

24  (Supp. Answer Exh. J, at pp. 69, 80-81).

25

26      After Petitioner pled guilty to the charges set forth in the two plea agreements,

    Petitioner's trial counsel established the factual basis for each of the armed robberies as

27  having been committed with an accomplice or Co-Defendant. (*Id.* at pp. 83-84). Petitioner

28

- 5 -

agreed with defense counsel's articulation of the factual basis. (*Id.* at pp. 84-85). The trial court found that there was a factual basis as to all the counts to which Petitioner pled guilty. (*Id.* at p. 85).

Petitioner was sentenced on October 31, 2003. (Answer Exh. K). The trial court found that Petitioner was guilty on all counts of armed robbery with one historical prior felony conviction as alleged in CR 2002-080838 and CR 2003-030284. (*Id.* pp. 2-3). The trial court reviewed the files, presentence report and memoranda submitted by Petitioner's trial counsel and the State. (*Id.* at p. 3). The trial court heard from Petitioner's trial counsel on behalf of Petitioner. (*Id.* at pp. 5-9, 12-13). The trial court also heard from Petitioner. (*Id.* at pp. 10-11); *see* Arizona Rule of Criminal Procedure 26.10(b). The trial court made findings that Petitioner was on probation for a prior felony conviction in CR 2001-094414 and that the armed robberies committed by Petitioner were committed in the presence of or with the assistance of an accomplice. (*Id.* at pp. 13-14). The trial court ordered that Petitioner be incarcerated for one year in CR 2001-094414, the historical prior felony theft conviction for which Petitioner was also on probation, to run concurrently with sentences of 18.5 years imposed concurrently in CR 2002-080838 and CR 2003-030284. (*Id.* at pp. 14-15). The trial court later went on to explain to Petitioner:

| | |
|---|---|
| [DEFENSE COUNSEL]: | Judge, apparently my client would like to say something. |
| THE COURT: | Yes, sir. |
| THE DEFENDANT: | Your Honor, please. Your Honor, I didn't mean mean it. I really didn't. I really didn't mean it, Your Honor. Can I have another chance, please? |
| THE COURT: | I understand what you're saying, sir, but your conduct in these cases is outrageous, frankly. |
| THE DEFENDANT: | Your Honor – |
| THE COURT: | Let me finish. I'll let you finish in just a minute. You went into these places. These people were doing their jobs at their places, and *you and your buddy went in there*, scared the living hell out of them, and changed their lives because of what you did. |
| | You did it for monetary gain. *You did it with an accomplice*. These are all aggravating circumstances. Plus you did it when you were on probation. |
| THE DEFENDANT: | Your Honor, I didn't have – |

THE COURT:    You were placed on probation about 30 days before that when you committed your first armed robbery, and the fact that you used a pellet gun or didn't really mean to hurt anybody is a factor I've taken into consideration. You could have gotten more time than you got. That's why I didn't give you the additional time, but the number of robberies that you committed and the number of lives that you've affected and all these aggravating circumstances that I've pointed out to you are all the reasons why I've done this.

(*Id.* at pp. 16-17)(emphasis added).

## 2.    The Post-Conviction-of-Right Proceeding and Appeal

On November 10, 2003 Petitioner, through counsel, filed a Notice of Post Conviction Relief. (Answer Exh. C). On November 3, 2004 Petitioner filed a Petition For Post-Conviction Relief alleging that the trial court rather than the jury established the aggravating factors going to sentencing in violation of *Blakely v. Washington*, 542 U.S. 296 (2004). (Answer Exh. D). On March 30, 2005 the trial court on Petitioner's Petition For Post-Conviction Relief found:

that the defendant is entitled to post-conviction relief because the trial court itself decided the aggravating factors in his cases rather than submitting them to a jury for determination as required by the jury trial guarantees of [sic] Sixth Amendment to the United States Constitution and Article 2, Sections 23 and 24 of the Arizona Constitution and the holding of the United States Supreme Court in *Blakely v. Washington*.
    THE COURT FURTHER FINDS that Arizona's sentencing statutes permit a jury trial on aggravating factors

(Answer Exh.G).

The State filed a Petition For Review with the Arizona Court of Appeals and on June 15, 2006, the Court of Appeals granted review, vacated the trial court's order of March 30, 2005 which had granted post-conviction relief, and reinstated the original sentences imposed. (Supp. Answer Exh I). The Court of Appeals recognized that under *State v. Martinez*, 115 P.3d 618, 625 (2005), "once a single aggravating factor has been properly established in accordance with *Blakely*, the sentencing judge may find and consider additional aggravating factors in its determination of the appropriate sentence to be imposed." (*Id.*) The Court of Appeals went on to hold that:

[*o*]*ne of the aggravating factors* found by the trial court was *the presence of an accomplice*. Shakir specifically pleaded guilty to each offense in part based on accomplice liability. *See* Ariz. Rev. Stat. §§ 13-301 to -304 (2001). Because the presence of an accomplice was established in accordance with *Blakely*, the trial court could find and consider other factors in its determination of the appropriate sentences.

(*Id.*)(emphasis added).

Petitioner did not seek further review.

## III.   PETITIONER'S FEDERAL PETITION FOR WRIT OF HABEAS CORPUS

On August 20, 2007, Petitioner filed his Amended Petition For Writ of Habeas Corpus wherein Petitioner raises one ground for relief: That his rights under the Sixth Amendment of the United States Constitution and Article 2 §§ 23 and 24 of the Arizona Constitution were violated in light of *Blakely v. Washington,* 542 U.S. 296 (2004).

Respondents concede that Petitioner's Amended Petition For Writ of Habeas Corpus is both timely and exhausted. (Answer, pp. 3, 9).

Petitioner filed his "Reply to the State's Answer to Amended Petition for Writ of Habeas Corpus" (Doc. No. 12) (hereinafter "Reply") on December 10, 2007.

## IV.   DISCUSSION

Respondents argue that Petitioner's claim is without merit and, thus, the Amended Petition should be denied.

### A.   Standard of Review: Merits

Pursuant to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), the Court may grant a writ of habeas corpus only if the state court proceeding:

(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).   Section 2254(d)(1) applies to challenges to purely legal questions resolved by the state court and section 2254(d)(2) applies to purely factual

questions resolved by the state court. *Lambert v. Blodgett,* 393 F.3d 943, 978 (9th Cir. 2004), *cert. denied* 546 U.S. 963 (2005). Therefore, the question whether a state court erred in applying the law is a different question from whether it erred in determining the facts. *Rice v. Collins,* 546 U.S. 333, 342 (2006). In conducting its review, the federal habeas court "look[s] to the last reasoned state-court decision." *Van Lynn v. Farmon,* 347 F.3d 735, 738 (9th Cir. 2003).

Section 2254(d)(1) consists of two alternative tests, *i.e.*, the "contrary to" test and the "unreasonable application" test. *See Cordova v. Baca,* 346 F.3d 924, 929 (9th Cir. 2003). Under the first test, the state court's "decision is contrary to clearly established federal law if it fails to apply the correct controlling authority, or if it applies the controlling authority to a case involving facts materially indistinguishable from those in a controlling case, but nonetheless reaches a different result." *Clark v. Murphy,* 331 F.3d 1062, 1067 (9th Cir. 2003) (*citing Williams v. Taylor,* 529 U.S. 362, 413-414 (2000)). Additionally, a state court's decision is "contrary to" Supreme Court case law if "the state court 'applies a rule that contradicts the governing law set forth in' Supreme Court cases."[9] *Van Lynn,* 347 F.3d at 738 (*quoting Early v. Packer,* 537 U.S. 3, 8 (2002)). "Whether a state court's interpretation of federal law is *contrary* to Supreme Court authority...is a question of federal law as to which [the federal courts]...owe no deference to the state courts." *Cordova,* 346 F.3d at 929 (emphasis in original) (distinguishing deference owed under the "contrary to" test of section (d)(1) with that owed under the "unreasonable application" test).

---

[9]"[T]he *only* definitive source of clearly established federal law under AEDPA is the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. *Williams,* 529 U.S. at 412...While circuit law may be 'persuasive authority' for purposes of determining whether a state court decision is an unreasonable application of Supreme Court law, *Duhaime v. Ducharme,* 200 F.3d 597, 600-01 (9th Cir.1999), only the Supreme Court's holdings are binding on the state courts and only those holdings need be reasonably applied." *Clark,* 331 F.3d at 1069 (emphasis in original). *See also Holley v. Yarborough,* 568 F.3d 1091, 1101 (9th Cir. 2009) (*citing Carey v. Musladin,* 549 U.S. 70, 76-77 (2006) ("Circuit precedent may not serve to create established federal law on an issue the Supreme Court has not yet addressed").

Under the second test, "'[a] state court's decision involves an unreasonable application of federal law if the state court identifies the correct governing legal principle...but unreasonably applies that principle to the facts of the prisoner's case.'" *Van Lynn*, 347 F.3d at 738 (*quoting Clark,* 331 F.3d at 1067). Under the "'unreasonable application clause...a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly....Rather that application must be objectively unreasonable.'" *Clark,* 331 F.3d at 1068 (*quoting Lockyer v. Andrade,* 538 U.S. 63 (2003)) (internal quotation marks and citation omitted). When evaluating whether the state court decision amounts to an unreasonable application of federal law, "[f]ederal courts owe substantial deference to state court interpretations of federal law...." *Cordova,* 346 F.3d at 929.

Under section 2254(d)(2), which involves purely factual questions resolved by the state court, "the question on review is whether an appellate panel, applying the normal standards of appellate review, could reasonably conclude that the finding is supported by the record." *Lambert,* 393 F.3d at 978; *see also Taylor v. Maddox,* 366 F.3d 992, 999 (9th Cir.), *cert. denied* 534 U.S. 1038 (2004) ("a federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable.") Section (d)(2) "applies most readily to situations where petitioner challenges the state court's findings based entirely on the state record. Such a challenge may be based on the claim that the finding is unsupported by sufficient evidence,...that the process employed by the state court is defective,...or that no finding was made by the state court at all." *Taylor,* 366 F.3d at 999 (citations omitted). When examining the record under section 2254(d)(2), the federal court "must be particularly deferential to our state court colleagues... [M]ere doubt as to the adequacy of the state court's findings of fact is insufficient; 'we must be satisfied that *any* appellate court to whom the defect [in the state court's fact-finding process] is pointed out would be unreasonable in holding that the state court's fact-finding process was adequate.'" *Lambert,* 393 F.3d at 972

1    (*quoting Taylor,* 366 F.3d at 1000) (emphasis and bracketed text in original).  Once the

2    federal court is satisfied that the state court's fact-finding process was reasonable, or where

3    the petitioner does not challenge such findings, "the state court's findings are dressed in a

4    presumption of correctness, which then helps steel them against any challenge based on

5    extrinsic evidence, *i.e.,* evidence presented for the first time in federal court."[10]  *Taylor,* 366

6    F.3d at 1000.  *See also* 28 U.S.C. section 2254(e).

7        Both section 2254(d)(1) and (d)(2) may apply where the petitioner raises issues of mixed

8    questions of law and fact.  Such questions "receive similarly mixed review; the state court's

9    ultimate conclusion is reviewed under [section] 2254(d)(1), but its underlying factual

10   findings supporting that conclusion are clothed with all of the deferential protection

11   ordinarily afforded factual findings under [sections] 2254(d)(2) and (e)(1)."  *Lambert,* 393

12   F.3d at 978.

13   **B. The *Blakely* Claim**

14       Petitioner posits but one claim:

15       [Petitioner] asserts he is entitled to post-conviction relief because there has been a
     change in the law that renders the sentencing procedures used in this case
16   unconstitutional. This is so, because the Court sentenced [Petitioner] to the aggravated
     terms of 18.5 years based on factual findings, other than historical prior convictions,
17   made by the judge sitting alone, without a jury. This violates the right to jury [trial]
     guarantees set forth in the Sixth Amendment of the United States Constitution and Art.
18   2 §§ 23 and 24 of the Arizona Constitution.

19   (Amended Petition (Doc. No. 5, p. 12)).  Simply stated, it is Petitioner's position that the only

20   aggravating factor that can be considered without a jury finding is a prior felony conviction

21   but as a condition precedent  (1) the trial court herein never *verbally* established the prior

22   _____

23       [10]Under section 2254(e) "a determination of a factual issue made by a State court shall
     be presumed to be correct."  28 U.S.C. § 2254(e)(1). The "AEDPA spells out what this
24   presumption means:  State-court fact-finding may be overturned based on new evidence
     presented for the first time in federal court only if such new evidence amounts to clear and
25   convincing proof that the state-court finding is in error....Significantly, the presumption of
     correctness and the clear-and-convincing standard of proof only come into play once the
26   state-court's fact-findings survive any intrinsic challenge; they do not apply to a challenge
     that is governed by the deference implicit in the 'unreasonable determination' standard of
27   section 2254(d)(2)."  *Taylor,* 366 F.3d at 1000.

28

felony conviction as an aggravating factor; (2) Petitioner did not admit to a prior felony conviction as an aggravating factor; and (3) a jury did not find a prior felony conviction as an aggravating factor; and thus, aggravating factors considered by the trial court, *i.e.*, (1) the presence of an accomplice, (2) danger to society, and (3) Petitioner having been on probation when the armed robberies were committed, violated *Blakely v. Washington*, 542 U.S. 296 (2004), and were required to be found by a jury. (Reply, pp.34-35 (Doc. No. 12-1, pp. 9-10)).

**1. Analysis**

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to a jury. This right continues through the sentencing process, *i.e.*, a defendant has the right to demand that a jury find the existence of any specific fact that the law makes essential to his punishment. *Blakely*, 542 U.S. at 301.[11]

> Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.

*Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)(emphasis added). The Supreme Court explained in *Blakely* that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Blakely,* 542 U.S. at 303 (citations omitted) (emphasis in original).

The Arizona Supreme Court, in applying *Blakely* and *Apprendi* to Arizona's sentencing scheme, has held that the statutory maximum for purposes of *Apprendi* and *Blakely* analysis is the presumptive sentence established for a defendant's crime. *State v. Brown*, 99 P.3d 15, 18 (Ariz. 2004); *see also State v. Brown*, 129 P.3d 947, 949 (Ariz. 2006). However, nothing in the history of the right to a jury trial:

---

[11]Although Petitioner was sentenced before the Supreme Court decided *Blakely*, *Blakely* applies retroactively herein because Petitioner's criminal case was not yet final when the *Blakely* decision was issued. *See Schardt v. Payne,* 414 F.3d 1025, 1033 (9th Cir. 2005) (*citing Griffith v. Kentucky,* 479 U.S. 314, 322 (1987); *State of Arizona v. Febles*, 115 P.3d 629, 635 (Ariz. App. 2005)("Thus, we conclude that *Blakely* only applies to cases not yet final when the opinion was issued.").

suggests that it is impermissible for judges to exercise discretion-taking into consideration various factors relating both to offense and offender-in imposing a judgment *within the range* prescribed by statute. We have often noted that judges in this country have long exercised discretion of this nature in imposing sentence *within statutory limits* in the individual case.

*Apprendi*, 530 U.S. at 481 (emphasis in original)(*citing Williams v. New York*, 337 U.S. 241, 246 (1949)); *see also Harris v. United States,* 536 U.S. 545, 549 (2002) (stating that "[a]fter the accused is convicted, the judge may impose a sentence within a range provided by statute, basing it on various facts relating to the defendant and the manner in which the offense was committed. Though these facts may have a substantial impact on the sentence, they are not elements, and thus are not subject to the Constitution's indictment, jury, and proof requirements."). In the exercise of this time-honored discretion, a judge may consider "sentencing factors", e.g., circumstances "which may be either aggravating or mitigating in character, that supports a specific sentence *within the range* authorized by the jury's finding that the defendant is guilty of a particular offense." *State v. Martinez*, 115 P.3d 618, 621 (Ariz. 2005)(emphasis in original)(*citing Apprendi*, 530 U.S. at 494 n. 19); *see also United States v. Booker,* 543 U.S. 220 (2005) (jury must determine facts that raise a sentencing ceiling). "Thus, upon the finding of an aggravating factor the 'statutory maximum' then becomes not the presumptive term, but the maximum aggravated sentence allowed by the relevant sentencing statute." *Kemp v. McWilliams,* 2007 WL 128782, *3 (D. Ariz. Jan. 12, 2007).

Under Arizona's sentencing scheme, the existence of a single aggravating factor exposes a defendant to an aggravated sentence within the range prescribed by statute. *See* A.R.S. §13-702(B) (2001). The singular aggravating factor of a prior conviction is *Blakely*-exempt from the Sixth Amendment's jury trial requirement. *Blakely*, 542 U.S. at 301 ("'Other than the fact of a prior conviction,....'")(*quoting Apprendi*, 530 U.S. at 490); *United States v. Thomas*, 447 F.3d 1191, 2000 (9th Cir. 2006). Other aggravating factors can be *Blakely*-compliant, i.e., found by a jury or admitted by a defendant. Once a single aggravating factor has been properly established as either *Blakely*-exempt or *Blakely*-compliant, the trial court may find

and consider additional aggravating factors in its determination of the appropriate sentence to be imposed within the given statutory sentencing range:

[t]herefore, once...a defendant admits a single aggravating factor, the Sixth Amendment permits the sentencing judge to find and consider additional factors relevant to the imposition of a sentence *up to the maximum prescribed in that statute.*

*Martinez*, 115 P.3d at 625 (emphasis added); *see also Apprendi,* 530 U.S. at 481.

### a.    Applicable Sentencing Scheme

Petitioner's guilty pleas to non-dangerous repetitive offenses with one historical prior felony conviction initially subjected Petitioner to a possible minimum sentence of 6 years, a presumptive sentence of 9.25 years and a maximum sentence of 18.5 years.  *See* A.R.S. §13-604(B) (2001).  "The presumptive term may be mitigated or aggravated within [this range]...pursuant to the terms of §13-702, subsections B, C, and D."  A.R.S. § 13-604(B) (2001).  The plea agreements entered into by Petitioner allowed the sentencing court to decrease, *i.e.*, *super*-mitigate, Petitioner's sentence to 4.5 years or to increase, *i.e. super*-aggravate,  Petitioner's  sentence  from  "the  maximum  term  of  imprisonment  otherwise allowable  for  that  offense...",  *i.e.*,  18.5  years,  "up  to...23.25  Years."    A.R.S.  §  13-702.01(C)(1), (D) (2001).  (*See also* Answer Exh. A).

In this case, the court did not *super*-aggravate Petitioner's sentence under A.R.S. 13-702.01.  Instead, Petitioner's sentence was aggravated within the range set out in section 13-604(B).  *See also* A.R.S. § 13-702(C) (2001) (setting out factors relevant to aggravating a sentence).  Specifically, Petitioner's sentence was increased from the presumptive term of 9.25 years to the maximum term of 18.5 years of imprisonment as provided in 13-604(B).

### b. The Prior Conviction and Probation

Herein, the trial court found as true the aggravating factor that Defendant was previously convicted of a felony.  *See* A.R.S. §13-702(C)(11) (2001). Petitioner argues that the trial court did not find nor did Petitioner admit to the *Blakely*-exempt aggravating factor of a prior conviction, and therefore, any other factors must be found by a jury. The record is replete with Petitioner's admissions to as well as the trial court's findings  of Petitioner's  prior conviction as well as Petitioner having been on probation when the offenses of conviction

- 14 -

were committed. At Petitioner's change of plea proceeding, the trial court explained to

Petitioner:

| THE COURT: | Mr Shakir, if you have any other questions, I'll be happy to try to answer them for you. |
| THE DEFENDANT: | What does repetitive mean? How can that effect me if it was nondangerous, repetitive? |
| THE COURT: | *Repetitive means you committed these offenses with a prior felony conviction.* |
| THE DEFENDANT: | That doesn't mean that I did it more than one time? |
| THE COURT: | No it doesn't mean that you did these offenses more than one time. *It means you had a prior felony conviction. You know the case you're on probation for, that's the case they're referring to. So it makes the new offenses repetitive offenses because you committed the new offenses while you were on probation.* |

(Supp. Answer Exh. J at p. 75)(emphasis added). The trial court went on to explain to

Petitioner that he was admitting to a prior conviction:

| THE COURT: | Sir, you've entered into a plea agreement in CR 2002-080838 in which you've agreed to plead guilty to Counts 3, 4, 5, 6, 9, and 10, armed robbery, all Class 2 felonies *with one historical prior felony conviction,*.....These are nondangerous, *repetitive offenses* committed in violation of the statutes set forth in that plea agreement. |
| | In the other case, you've agreed to plead guilty to armed robbery, a Class 2 felony *with one historical prior felony conviction,*.....This is also a nondangerous, *repetitive offense* committed in violation of the statutes set forth in that plea agreement. |
| | *Are these the charges to which you're pleading guilty*? |
| THE DEFENDANT: | *Yes*. |

(*Id.* at pp. 77-78)(emphasis added). The trial court queried Petitioner regarding the contents

of the agreements, whether he understood their contents and if he agreed with the terms of

the agreements:

| THE COURT: | Do you have a copy of your plea agreements there? Okay, let me give them back to you. |
| | Have you read both pages of each agreement, Sir? |
| THE DEFENDANT: | Yes. |
| THE COURT: | And has [your attorney] explained the agreements to you? |
| THE DEFENDANT: | Yes. |
| THE COURT: | Do they contain everything that you've agreed to now? |
| THE DEFENDANT: | Yes. |
| THE COURT: | And do you agree with everything that's written in them? |
| THE DEFENDANT: | Yes. |
| THE COURT: | Do you understand them? |
| THE DEFENDANT: | Yes. |

- 15 -

| | |
|---|---|
| THE COURT: | Did you place your initials next to the paragraphs on pages 1 and 2 of both documents and sign your name at the bottom of page 2 to indicate that you have read and do understand both agreements. |
| THE DEFENDANT: | Yes. |

(*Id.* at pp. 79-80). Paragraph 1, initialed by Petitioner in both plea agreements, states: "He is in automatic violation of his probation in CR 2002-094414." (Answer. Exh. A) Paragraph 2, initialed by Petitioner in both plea agreements, states: "While represented by counsel, Shakir was convicted of Theft, a class 6 felony, Maricopa County CR 2001-094414, committed 7-27-2001, sentenced 10-7-2002." (*Id.*). The trial court informed Petitioner:

| | |
|---|---|
| THE COURT: | All right. Paragraph 2 in both plea agreements provides that you must be sentenced to the Department of Corrections. The sentences in these two cases and in CR 2003-030284 – well that's both cases can be served concurrently or consecutively, but the sum total for all sentences shall not be less that 4.5 years or more than 23.25 years in the Department of Corrections. |
| | *As to the probation violation case, that shall be served concurrently with the other two cases in which you're pleading guilty today.* |
| | Restitution shall not exceed $50,000, and *you are stipulating that you were represented by counsel when you were convicted of theft, a Class 6 felony, in Maricopa County Superior Court cause number CR 2001-094414, which offense was committed on July 27th of 2001, for which you were sentenced on October 7th of 2002.* |
| | Moving on to paragraph 3, it provides that the allegation that you were on probation and that the crimes are dangerous, those allegations will be dismissed. *Are these your agreements*? |
| THE DEFENDANT: | *Yes.* |
| THE COURT: | All right. *How do you plead, sir, to the charges set forth in the two plea agreements*? |
| THE DEFENDANT: | *Guilty.* |

(Supp. Answer Exh. J at pp.82-83)(emphasis added).

At sentencing, the trial court found as true that Petitioner had a prior felony conviction:

| | |
|---|---|
| THE COURT: | Mr. Shakir, in previous proceedings in CR 2003-030284, a determination was made that you're guilty of armed robbery, a Class 2 felony, *with a historical prior felony conviction*, this new offense having been committed on February – or is that December, Counsel? |
| [DEFENSE COUNSEL]: | December 23rd. |
| THE COURT: | – December 23rd of 2002, and in CR 2002-080838 that you're guilty of Counts 3, 4, 5, 6, 9, and 10, armed robbery, a Class 2 felony, *with a historical prior felony conviction*,....*These are* all nondangerous *repetitive offenses* |

- 16 -

committed in violation of the statutes set forth in the two plea agreements.

Based upon those determinations of guilt, it's the judgment of the Court that you're guilty of said offenses committed in violation of those statutes on those dates.

Also based upon those determinations of guilt, *I find that Mr. Shakir is in violation of his probation in CR 2002-094414 on the charge of theft, a Class 6 felony.* If it was not previously designated, it is designated a Class 6 felony at this time.

(Supp. Answer Exh K at pp. 2-3)(emphasis added). Petitioner's prior conviction was both *Blakely*-exempt, i.e., found to be true by the trial court, as well as admitted to by Petitioner. The fact that Petitioner was on probation when the offenses of conviction were committed was *Blakely*-compliant as admitted to by Petitioner.

### c. Presence of An Accomplice

The presence of an accomplice is an aggravating factor or circumstance for purposes of sentencing. A.R.S. §13-702(C)(4) (2001). At the change of plea proceeding, the trial court forewarned Petitioner that the presence of an accomplice would be considered as an aggravating circumstance.

THE DEFENDANT: How much time would I be doing?
THE COURT: Well, the range, the possible range would be anywhere from seven to 21 years, and it depends on my consideration of what are called aggravating and mitigating circumstances. I would have to consider your age. I would have to consider your education, any emotional or psychological difficulties you may have, any family support, whether or not you're working, whether or not you have children, are you supporting a child or children. All these factors would be something I would consider in mitigation. In other words, those would be in your favor.

*Aggravating circumstances* would be the emotional trauma suffered by the victims in the cases, *the fact that you were in the presence of an accomplice*, *Mr. Johnson, when you committed the offenses. Those are aggravating factors.* The number of crimes that were committed would be an aggravating factor. The amount of money taken would be an aggravating factor.

(Supp. Answer Exh. J at pp. 70-71)(emphasis added).

Once Petitioner pled guilty to the charges as set forth in the two plea agreements, trial counsel established the factual bases for the offenses to which Petitioner agreed and admitted:

- 17 -

| | | |
|---|---|---|
| 1 | THE DEFENDANT: | Guilty. |
| | THE COURT: | Thank you. |
| 2 | | Who will establish the factual bases, Counsel? |
| | [DEFENSE COUNSEL]: | Judge, I will, but I need the pleas. Thank you. |
| 3 | | In the 2003 case, we need to make a change in the date. I just read the indictment, and that happened on December 23rd, |

THE DEFENDANT:     Guilty.
THE COURT:     Thank you.
     Who will establish the factual bases, Counsel?
[DEFENSE COUNSEL]:     Judge, I will, but I need the pleas. Thank you.
     In the 2003 case, we need to make a change in the date. I just read the indictment, and that happened on December 23rd, 2002. On December 23rd, 2002, in the 1000 block of East Apache Boulevard, which is in Tempe, Arizona, *Mr Shakir, along with an accomplice*, and displaying a gun, robbed Timothy Jenkins of a sum of money believed to be about $151 without Jenkins consent. They took that from him.
     On November 11th, 2002, going on to the 2002 case, in the 1000 block of East Southern, which is also in Maricopa County, *Mr. Shakir, along with a codefendant*, and displaying a weapon, robbed a Walgreens and took a sum of money from the store clerk.
     On December 3rd of 2002, again in Mesa, Arizona, which, is in Maricopa County, robbed a Kathy Herrington at Dolly Madison's, also while displaying a weapon to coerce Miss Herrington to surrender money.
     As to Count 5, on December 5th of 2002, *Mr. Shakir*, again displaying – *either he or his codefendant* displaying a weapon, coerced funds from a Derrick Keisel in the 700 block of West University, which is in Maricopa County.
     Count 6, on December 10th of 2002, *Mr Shakir, along with a codefendant*, in the 1400 block of Southern in Maricopa County coerced money from a Brian Plummer at Hollywood Video by displaying a weapon.
     On December 17th, 2002, *again with a codefendant* and displaying a weapon, coerced funds from a Jessica Hawkins at Family Dollar Store in the 1000 block of West Broadway, which is in Maricopa County.
     Count 10, on December 24th, 2002, *he and his codefendant*, displaying a weapon, robbed a Michael Farrow at Cigarettes Are Cheaper in the 1000 [sic] East Main Street, which is in Maricopa County, and I believe that covers all the charges.

THE COURT:     All right, and, *Mr Shakir, you heard everything that [defense counsel] stated; is that correct*?
THE DEFENDANT:     *Yes*.
THE COURT:     And *everything she stated was true and correct; is that right*?
THE DEFENDANT:     *Yes*.
THE COURT:     And all this occurred in Maricopa County, Arizona; is that correct?
THE DEFENDANT:     Yes.
THE COURT:     Is there anything further from the State or any victim input?
[PROSECUTOR]:     No, Your Honor. Victim's rights have been complied with.
THE COURT:     All right. Sir, do you have any questions for the attorneys or me at this time?
THE DEFENDANT:     I don't have any questions.
THE COURT:     Okay. On the basis of the record I find that Mr. Shakir knowingly, intelligently, and voluntarily enters pleas of guilty to the charges set forth in the plea agreements. *I find*

*there are factual bases for all of them.* The pleas are accepted and entered of record.

(*Id.* at pp. 83-85)(emphasis added). At sentencing, the trial court found that the presence of an accomplice, admitted by Petitioner, was an aggravating circumstance:

> THE COURT: I find that the *offenses were committed in the presence of or with the assistance of an accomplice*, and I find that, based upon his conduct in these armed robberies, that Mr. Shakir has demonstrated that he is *an extreme danger to society and a danger to reoffend.*
> I find that the aggravating circumstances outweigh the mitigating circumstances sufficiently to call for aggravated sentences as to all of the armed robbery counts in the two new cases.

(Supp. Answer Exh K at p.14)(emphasis added).

On the instant record, the aggravating factor or circumstance that Petitioner committed six armed robberies with or in the presence of an accomplice was *Blakely*-compliant, i.e., admitted to by Petitioner.

### d.    Conclusion

The "statutory maximum" sentence that a trial court may impose is determined "*solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Blakely*, 542 U.S. at 303 (citations omitted) (emphasis in original).

> In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings.

*Id.* at 303-304 (emphasis in original). Consistent with *Apprendi* and *Blakely*, once one or more aggravating circumstances or factors are established, the Arizona trial court has discretion to impose any sentence within the authorized statutory sentencing range. *Martinez*, 115 P.3d at 624.

Further, the state court's factual findings must be accepted as correct unless the Petitioner can rebut them with clear and convincing evidence to the contrary. 28 U.S.C. §2254(e)(1); *Marshall v. Taylor*, 395 F.3d 1058, 1062 n. 19 (9th Cir. 2005). Here, in the last-reasoned decision addressing Petitioner's *Blakely* claims, the Arizona Court of Appeals upon Petition

- 19 -

for Review by the State held that one of the aggravating factors, *i.e.*, the presence of an accomplice, was established in accordance with *Blakely*.

Although not directly addressed by the Arizona Court of Appeals, the record amply supports that the additional aggravating factor of a prior historical felony conviction given that the trial court found the *Blakely*-exempt aggravating factor of a prior conviction. *See* A.R.S. §13-702(B),(C)(11) (2001). Petitioner was put on notice by the trial court that he was pleading guilty to armed robberies as *repetitive offenses*, *i.e.*, he had a prior felony conviction. Petitioner agreed that he was pleading guilty to armed robberies with one historical prior felony conviction. Petitioner informed the trial court, after reading the plea agreements and consulting with his trial counsel, that he understood and agreed with their contents, which necessarily includes reference to the historical prior felony conviction for which he was on probation when the crimes of conviction were committed. Moreover, Petitioner acknowledged the contents of the plea agreements by initialing pertinent paragraphs referencing the historical prior felony conviction. Petitioner stipulated that the historical prior felony conviction was for theft, a class 6 felony, committed on July 27, 2001 and for which he was sentenced on October 7, 2002 in Maricopa County Superior Court cause number CR 2001-094414. The trial court found Petitioner guilty of armed robberies with the historical prior felony conviction of CR 2001-094414.   Arguably, Petitioner's admitted prior conviction, alone, is a sufficient aggravating factor to increase Petitioner's sentence from the presumptive 9.25 years to the statutory maximum of 18.5 years of imprisonment. *See Holderman v. Schriro,* 2007 WL 3256473, *9 (D.Ariz. Nov. 2, 2007), *appeal docketed,* No. 07-17292 (9th Cir. December 17, 2007), (rejecting argument that the same prior used as a historical prior to increase applicable sentencing range could not be used as aggravating factor to increase sentence above presumptive level). "[B]ecause exempt from the *Blakely* requirement is *Apprendi*'s exception for prior convictions," Petitioner's *Blakely* argument fails. *Kemp,* 2007 WL 128782 at *3. Thus, based upon Petitioner's admitted prior felony conviction alone, the trial court was authorized to consider additional factors relevant to imposition of a sentence within the statutory sentencing range from 9.25

years to 18.5 years of imprisonment. *See Kemp,* 2008 WL 128782 at *3; *Jernigan v. Tucker,* 2007 WL 163079 (D.Ariz. Jan. 18, 2008) (denying habeas petition raising *Blakely* claim because "[o]nce one [prior] conviction has been established, the judge is free to impose the maximum sentence..." within the applicable range); *Holderman,* 2007 WL 3256473 (same).

More importantly, an examination of the record clearly establishes that the trial court found the *Blakely*-compliant aggravating factor of the presence of an accomplice. *See* A.R.S. §13-702(B), (C)(4) (2001). Petitioner was put on notice by the trial court that an aggravating factor the court would consider at sentencing was that Petitioner was in the presence of an accomplice when he committed the armed robberies. The trial court informed Petitioner that he was pleading guilty to armed robberies in violation of the statutes set forth in the two plea agreements. Petitioner informed the trial court, after reading the plea agreements and consulting with defense counsel, that he understood and agreed with their contents, which specifically refers to accomplice statutes A.R.S. §§13-301, 13-302, and 13-302. At Petitioner's change of plea proceeding, trial counsel set forth the factual bases for each of the armed robberies committed by Petitioner which included the fact that they were committed with or in the presence of an accomplice. Petitioner agreed that trial counsel's description of the offenses were true and correct. The trial court found that there was a factual basis for the armed robberies Petitioner pled guilty to having committed.   Petitioner's admission to having an accomplice rendered such fact *Blakely*-complaint.  Based upon that admitted fact alone, the trial court was free to consider additional factors relevant to imposition of a sentence within the statutory sentencing range from 9.25 years to 18.5 years of imprisonment. *See e.g., Kemp,*  2007 WL 128782 at *2 (upon the finding of a single *Blakely*-complaint or *Blakely*-exempt aggravating factor, the statutory maximum then becomes not the presumptive term, but the maximum aggravated sentence allowed by the relevant sentencing statute); *Jernigan,* 2007 WL 163079 at *5 (denying habeas relief because "in Arizona, if a judge increases a sentence above the presumptive, she needs only to find and use one *Blakely* allowed factor..."). Further, Respondents correctly point out that "the Supreme Court has *never* held that the Sixth Amendment is violated when a defendant

is given a sentence above the statutory maximum [*i.e.,* the presumptive term in Arizona] based upon two or more factual findings only *one* of which was either *Blakely*-compliant or *Blakely*-exempt...." (Answer, p.11).

Consequently, the state appellate court's decision upholding Petitioner's sentences was not contrary to, nor an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. Nor did the state court's proceeding result in a decision that was based on an unreasonable determination of the evidence presented. Petitioner's claim, therefore, lacks merit.

## V.        RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends that the District Court deny Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. No. 5).

Pursuant to 28 U.S.C. §636(B), an party may serve and file written objections within ten days after being served with a copy of this Report and Recommendation. If objections are filed, the parties should use the following case number: **CV 07-1374-PHX-ROS.** A party may respond to another party's objections within ten days after being served with a copy thereof. *See* Fed.R.Civ.P. 72(b).

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be deemed waived. *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

DATED this 17th day of September, 2009.


                                        _____
                                        Héctor C. Estrada
                                        United States Magistrate Judge